Good morning, Your Honors. My name is Irene Bassey, and I'm here to represent Justin R. and his mother, Jennifer R., who were plaintiffs in the case below. Good morning. My name is Deputy Attorney General Gary Sugunuma, and I am appearing on behalf of the appellees. You may proceed, Ms. Bassey. Thank you. First, I would like to request that I be allowed to reserve two minutes for rebuttal. All right. There's the clock, but I'll also try to help you. Okay. As we do every morning. We're here this morning because the case that is being appealed was a denial by a district court judge of a magistrate judge's findings and recommendations for an award of attorneys fees in favor of my clients. Can I see if I understand this case, and you correct me if I'm wrong in any way in the recitation of it. Your client has a son with special needs. Yes. Correct? She went to school authorities to seek an accommodation for those needs. Yes. And although there was some back and forth, at some point there was a settlement and the school officials agreed, at least in a way acceptable to your client, to accommodate those needs, correct? Yes. And that settlement was supervised by the court, correct? That's correct. And it contained a clause that allowed the recovery of fees. That's correct. Is the case any more complex than that? Well, I don't. We were hoping your answer was yes. I don't think so, but Judge Kobayashi found that plaintiff's appellants did not meet the standard of prevailing party status and therefore rejected the entire findings and recommendations or the amended findings and recommendations of magistrate. I assume you disagree with the district court's conclusion. Yes, we do. And there are two prongs, basically, to understanding the determination of prevailing party status. And they basically emanate from a case the Supreme Court decided back in 2003 called Buchanan v. I'm not sure of the title, In order for parties to be considered prevailing, they had to meet two prongs of a standard. One is that they had to show material alteration of the legal relationship between the parties. And second part of the prong is that that relationship, that alteration or change, had to be judicially sanctioned. Well, the first prong is undeniably met, isn't it? Yes, and I believe that defendants conceded that in their brief. So the question gets down to was this judicially supervised? That's right. And so our argument is that it does meet that standard in two ways, the first being that it was a result of a hearing on the merits of plaintiff's appeal because at the administrative level, the hearing officer dismissed all the requests for relief and said he had no jurisdiction over any of the issues that we raised. So if appellants had not appealed that to the district court, that would have been the end of it. But because appellants appealed, they had a hearing on the merits. It went through oral argument and briefings, and when the judge made the remand order, that was a judicially sanctioned action that was based on merit. And the second way that I believe that we meet the judicial sanction prong is that the court itself, first of all, initiated the settlement conference. Second of all, agreed to a stipulation between the parties that they would retain jurisdiction for the issue of attorney's fees if it could not be resolved between. It seems to me that's almost what the case boils down to because it seems to me the state agrees that the settlement agreement is sufficient material alteration, and then you're looking at judicial imprimatur, and it basically says that the parties agree that the magistrate judge would retain the jurisdiction on the attorney's fees entitlement. So would you agree that our determination is really is that sufficient judicial imprimatur under the cases? Yes, I would. And I would like to bring to the Court's attention the supplemental authority that this Court decided in June of 2013. It's not included in the briefs because it had not, you know, been entered at that point. However, the findings of that Court found that a temporary injunction, because it had been ordered after a hearing on the merits, was sufficient to determine that there was judicial sanction. And if that's the case, then why wouldn't the remand hearing, what led up to the remand hearing, and the decision on the merits to send it back to the administrative hearing officer for hearings on the issue, why would that plaintiffs believe that that is even more of a judicial sanction than having a preliminary injunction ordered? You don't need to go that far, though. I mean, if you just basically have the judicial oversight of the fees, would you need more than that? No. Okay. You have about two minutes if you want to reserve your time. Thank you. I'm finished. Are there any further questions? I think not. There might be later. May it please the Court. Again, my name is Gary Sugunulan. I'm appearing for the appellees. The issue in this appeal is whether or not, and I'll refer to the appellants as plaintiffs this morning, whether or not the plaintiffs are entitled to an award of fees as the prevailing case, the case was ultimately resolved by way of a private settlement agreement. Do you agree that the first Buchanan prong is met? The first – if we're talking about the private settlement agreement, yes, I agree. Okay. So we're down to the second one. Was this judicially – was there a judicial involvement or imprimatur on the process? Is that what you're saying? Yes. Is that right? That's correct, and the answer is no. How do you get around our 2002 decision in Barrios? In Barrios, that case – if you look carefully at the case, it does – I can assure you we have. The case does indicate that the settlement there was entered by the court, was filed by the court, and that gave the court supervision over the terms of the settlement. Doesn't Barrios stand for the proposition that if the state agrees to an attorney fee provision in a settlement agreement, that that satisfies the second prong? I do not believe so, and some of the subsequent cases clarify that, by the Ninth Circuit Court, and in particular the case of P.N. v. Seattle School District No. 1, and this is the 2007 Ninth Circuit decision. That case is more analogous – Is this in your brief? This is in my brief. This case is actually more similar to the situation at hand than the Barrios case was. In P.N. v. Seattle School District – On the last page of P.N., Judge Callahan writes, the document is entitled, quote, Settlement Agreement and Waiver and Release of Claims, unquote, and this language is pretty important, and does not appear to contemplate any judicial enforcement. Here the stipulation vested continuing jurisdiction in the court to determine attorney fees. Isn't that some judicial enforcement? That's different than the type of judicial enforcement that Buchanan requires. Buchanan requires – the type of judicial enforcement Buchanan contemplates is enforcement over the terms of the settlement, thereby making – Isn't one of the terms of the settlement fees for the attorney? That is not one of the terms. One of the terms is that plaintiffs could file a motion for fees if they believe they were entitled to fees, but we did not agree to – Who retains jurisdiction over that? That's correct, but the court would always have jurisdiction over that. Who? Who? I'm sorry? Who retains jurisdiction over the determination of fees? The federal court. Okay. And in the PN case, it says, the agreement reserves the issue of attorney fees and costs. This matter, however, was not referred to any court, but was, quote, left for resolution by methods other than this agreement and release. So it seems to me that the PN case, the Seattle PN case, is very different because you don't have the resolution left to the federal court. You just say, well, we're going to work out attorney's fees later. Now tell me if I'm missing something on reading that language. The way that I would interpret PN is, again, it's a private settlement agreement. And in PN, fees were not given. But the turning point of the case is really that there was no judicial enforcement power over the settlement because the settlement was never entered as an order, consent decree. It was never signed by the court. And what Buchanan says is that in order to have prevailing party status, you need a court-ordered, the plaintiff has to show a court-ordered change in the position of the parties. And so if you look at the PN case and also the Richard S. case, another Ninth Circuit case, in both of those cases, the judicial oversight that's required is more than just a reservation of jurisdiction to decide an issue that hasn't been decided yet. It has to go to the enforcement of the settlement agreement. That's the judicial oversight. Are you now changing your position with respect to prong one? I am not changing. The settlement does, I can see the settlement does alter the, create a material alteration of the relationship with the parties. There's no doubt. Whether or not there's a judicial sanction of it will depend on whether or not the settlement is analogous to, like say a consent decree, where the court has the authority to enforce the terms of the settlement. And this is explained in the Richard S. case. There's a difference between a private settlement agreement that can be enforced in state court by way of state contract law versus a settlement agreement that can be enforced in federal court no different than a judgment or a consent decree. Was it your client's position at the time of the settlement that the mother and son were not entitled to fees at all? We went to a settlement conference. Can I start with a yes or no? We did not believe that they were entitled to fees. Then why did you agree to this clause? Because agreeing that they can file a motion is different than agreeing that they're entitled to fees. We reserved that right to oppose any request for fees. Can you show me the document where it says you reserved your right? Okay, I'm looking at the settlement agreement. And it's tab number six on appellant's excerpts of records. And what's the citation? This would be at page 47. Toward the bottom of page three, number six, clause number six, or term number six, the parties agree that Magistrate Judge Puglisi shall retain jurisdiction to determine the issue of plaintiff's entitlement to reasonable attorneys' fees and costs, if any, in the event the parties are unable to resolve the issue on their own. So your reservation was the words, if any. It was that Judge... Answer yes or no. I think the word entitlement, if any, is critical. Can we get back to my earlier question? It's correct, isn't it? The phrase, the state reserves the right to contest fees, is not apparent in the document. That's correct. You're relying upon the words, if any. Correct? Yes, if any. And then tell me, what is the difference, then, between the words, if any, and then the language that appeared in Barrios, which is that the issue of, quote, whether any party is a prevailing partner and whether any party is entitled to attorneys' fees, and if so, the amount thereof, is expressly reserved to the court. So the whether there's any fees and if so, that goes to the court. Isn't that almost parallel language to the issue of entitlement is left to the court on fees, comma, if any? I'm just seeing that these are almost parallel and I'm having trouble understanding why Barrios doesn't control what we can do. Again, the significance of Barrios was in that case, and I'm reading from the decision itself, is that it says, on May 16, 2000, the district court entered a judgment and order according to the terms of the settlement agreement. And that's the significance. That never happened in this case. The settlement agreement was never encapsulated into an order by the court and filed. And the significance of that is that that would entitle the court to enforce the terms. If we breached the agreement, they could run back to the court and get the federal court to enforce it. That's not the case here. And the cases that we cited in our brief make a distinction, a significant distinction between that, and that's in the Richard S. case, the Ninth Circuit case. And even if you look at Richard S. and P.N., which are cases decided subsequent to Barrios, in both of those cases they acknowledged that Barrios was, quote, unquote, a legally enforceable settlement agreement. That's what they called it. And it's legally enforceable. I mean, every settlement agreement is legally enforceable as a contract, but that's not what they meant. They said legally enforceable in the context of Buchanan means that the federal court has enforcement power over it, so that it's the same thing as a judgment or consent decree. And that's why we don't believe the settlement agreement supports prevailing party status. And, in fact, if you look at the reply memo that is filed in this case, the plaintiffs concede in two places in their brief that they're not relying solely on the settlement agreement. They acknowledge that the settlement agreement itself does not support an award of fees. Now, the other documents they rely upon in the remand order, but just very quickly, the remand order didn't dispose of any claims in their favor. I recited to a number of cases saying that a remand and my time is up. No, please. Go ahead. You can finish. Okay. So a remand basically just keeps the status quo. The remand in this case remanded certain claims down to the hearing officer. Plaintiffs didn't win those yet at the time of the settlement, so they cannot rely upon that as a material alteration. So the remand order doesn't work for them. The stipulation and order, again, doesn't give any enforcement rights to the district court to enforce the settlement. All it did was essentially retain jurisdiction, and, again, which Judge Kobayashi said really wasn't necessary because the court always has jurisdiction to entertain a motion for fees. I mean, if the case had been closed out, which the settlement agreement significantly, the settlement agreement didn't require the dismissal of the case, so the case remained open. So any time plaintiffs wanted to file a motion for fees under the IDA, of course the federal court, district court has jurisdiction. So really the stipulation was of no effect, and that's what Judge Kobayashi concluded, which I think should be affirmed by this court. Thank you. Thank you. You had some rebuttal time if you wanted it. Two things that I'd like to address. One is I believe in our answering brief we did point out that the PN case that the defendant believes I'm referring to as analogous to our case didn't have court involvement at all. It had no successful appeal on the merits behind it. It had no agreement of jurisdiction stipulated between the parties over attorney's fees, and it had no approval by the court of retaining the jurisdiction. So we don't think PN applies on any level. And defendants' representation to the court that they did not believe that they should pay attorney's fees at all, that they were questioning whether any fees should be paid, is either he's forgotten or is deliberately misrepresenting what happened at the settlement agreement where numbers were discussed. We just could not agree. And following the settlement agreement terms, we did try to settle the issue of fees between us, and more offers were made and rejected prior to the filing of the motion for fees. So it wasn't until the motion for fees was filed that defendants started relying on that, if any, freeze that's included in the stipulation. Thank you. The case just argued, Justin R. v. Matayoshi, is submitted.
judges: Hawkins, McKeown, Bea